IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MITEK CORPORATION, ATLAS SOUND L.P., and
INNOVATIVE ELECTRONIC DESIGNS, LLC,

                              Plaintiff,                                ORDER

   v.

                                                             16-cv-543-jdp

TERESA JOHNSON,

                              Defendant.

---

Plaintiffs Mitek Corporation, Atlas Sound L.P., and Innovative Electronic Designs, LLC, employed defendant Teresa Johnson as their Credit Group Leader. In that role, Johnson interacted with plaintiffs' customers and managed their payments in plaintiffs' accounting systems. Plaintiffs now accuse Johnson of abusing that position and diverting customer payments into her personal account. They allege that she forged payment instructions and misdirected more than $500,000 over three years.

Plaintiffs allege violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, breach of fiduciary duty, conversion, and unjust enrichment. They seek injunctive relief under Federal Rule of Civil Procedure 65. Dkt. 3. Specifically, plaintiffs want a temporary restraining order and a preliminary injunction to freeze Johnson's Wells Fargo account and prevent her assets from being transferred. They also want to prevent her from destroying information on her computer and other devices. Longer term, they seek a full accounting of her records and expedited discovery.

The court had set a hearing for today, August 4, 2016, and notified Johnson. However, Johnson has a medical procedure scheduled for today, so the court will move the

hearing to Monday, August 8, 2016 at time to be set after consultation with the parties. But the court will not wait for the hearing before granting emergency relief to plaintiffs.

To obtain injunctive relief, plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) the lack of an adequate remedy at law and irreparable harm absent the injunction; (3) that the balance of harms tips in their favor; and (4) that the public interest favors the injunctive relief. *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002). Plaintiffs have demonstrated a strong likelihood of success on the merits. They allege—in a verified complaint—that Johnson used a computer well beyond her authorization and with intent to defraud, in violation of the Computer Fraud and Abuse Act. Plaintiffs are also likely to prevail on their state law claims for breach of fiduciary duty, conversion, and unjust enrichment.[1] Johnson allegedly exploited her position as plaintiffs' agent, as well as her access to plaintiffs' clients and accounting system, to divert clients' payments away from plaintiffs and into her own account, enriching herself. The documentation submitted by plaintiffs provides strong support for their claims.

Plaintiffs lack an adequate remedy at law. Without the requested relief, evidence and information relevant to their claims and damages may be permanently lost. Johnson currently has control over the Wells Fargo account to which she diverted plaintiffs' funds. Without the requested relief, Johnson could transfer those funds so that they would be beyond the reach of this court should plaintiffs ultimately prevail. These harms would be irreparable.

---

[1] Because the underlying events occurred in Illinois, plaintiffs contend that Illinois law applies to their state law claims. The court is not yet convinced, *See State Farm Mut. Auto. Ins. Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662 ("The first rule in Wisconsin choice of law rules is that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance." (internal quotation marks and citations omitted)), but it need not decide the issue here. The conduct at issue meets the definitions under both Wisconsin and Illinois law.

On the other side of the balance of harms, the complete freezing Johnson's assets would impede Johnson's access to her own money and prevent her from meeting her ordinary living expenses. Accordingly, the court will modify the requested relief and allow Johnson use of her assets for ordinary living expenses.

Finally, the court finds that the public interest would not be impeded by the granting of short-term emergency relief.

The emergency relief granted here covers only the very short term, and the court will re-evaluate the propriety of preliminary relief after hearing from Johnson. Plaintiffs' request for an accounting of Johnson's records is not as pressing. Nor is their request for expedited discovery. Both these issues can be addressed when the court has input from both sides.

## TEMPORARY RESTRAINING ORDER

IT IS ORDERED that:

1. Plaintiffs Mitek Corporation, Atlas Sound L.P., and Innovative Electronic Designs, LLC's motion for a temporary restraining order and a preliminary injunction, Dkt. 3, is GRANTED as provided in this order.

2. The Wells Fargo Bank Account associated with either Atlas Sound L.P. or with Teresa Johnson with the number ending in 8037 is frozen. Defendant Teresa Johnson is restrained and enjoined from withdrawing or transferring funds in the 8037 account.

3. Johnson's assets are frozen. Until further order of the court, Johnson is prohibited from spending, transferring, or otherwise encumbering or disposing of her assets. However, notwithstanding the foregoing, Johnson may spend only so much of her otherwise frozen assets as required for her ordinary and necessary personal living expenses. Johnson must keep accurate records of her expenditures and provide them to the court at its request. This provision does not authorize Johnson to withdraw funds from the 8037 account.

4. Johnson is prohibited from destroying, removing, mutilating, altering, concealing, disposing of, in any manner, her computers, electronic devices, cellular telephones, smartphones, tablets, electronic storage devices or media, financial records,

financial account statements, tax returns, and documents of any kind relating to plaintiffs.

5. Plaintiffs are NOT required to post security for this Temporary Restraining Order.

6. The court will hold a telephonic hearing on preliminary relief on Monday, August 8, 2016, at a time to be set after consultation with the parties.

7. This temporary restraining order will expire on August 18, 2016, unless otherwise ordered by the court.

Entered August 4, 2016.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge