IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MITEK CORPORATION, ATLAS SOUND, L.P., and
INNOVATIVE ELECTRONIC DESIGNS, LLC,

       Plaintiffs,       OPINION & ORDER

 v.

                      16-cv-543-jdp

TERESA JOHNSON,

       Defendant.

---

  Several motions are before the court; all relate to defendant Teresa Johnson's failure to comply with the preliminary injunction.

  Plaintiffs Mitek Corporation, Atlas Sound, L.P., and Innovative Electronic Designs, LLC, move the court to hold Johnson in contempt for violating the court's order for preliminary injunction. Dkt. 64. Johnson concedes that she violated the preliminary injunction, but she argues that she should not be held in contempt because plaintiffs' concerns are addressed by a stipulation she has entered with the United States Attorney for the Northern District of Illinois, who is investigating potential criminal charges against her. Johnson also moves the court to modify the terms of the preliminary injunction so that she may comply with the stipulation. Dkt. 72. The court will grant plaintiffs' motion for contempt.[1] The court will also modify the preliminary injunction, generally along the lines proposed by Johnson, but with further modifications to address the concerns raised by

---

[1] Plaintiffs also move for leave to file a reply in support of their contempt motion. Dkt. 75. The court will grant plaintiffs' motion and accept the reply.

plaintiffs in Dkt. 80.[2] In light of the court's decision, defendant's request for a hearing, Dkt. 78, is denied as moot.

## BACKGROUND

On August 4, 2016, the court issued a temporary restraining order enjoining Johnson from "spending, transferring, or otherwise encumbering or disposing of her assets." Dkt. 13, at 3. The court amended and extended the temporary restraining order several times before issuing an order for preliminary injunction enjoining Johnson from "spending, transferring, or otherwise encumbering or disposing of her assets." Dkt. 42, at 1. Prior to issuing the preliminary injunction, the court ordered Johnson to submit to the court a financial statement detailing her assets and liabilities so that the court could set a reasonable monthly allowance for Johnson's living expenses. But Johnson did not do so, leading the court to set a $2,000 allowance that the court determined was reasonable in light of the little information regarding Johnson's financial situation available to the court at that time.

The court has since learned that Johnson breeds, trades, and sells Gypsy Vanner horses. Plaintiffs estimate that she owns and cares for 50 horses on her property and boards other horses elsewhere. The horses appear to be among Johnson's most valuable assets. Most of Johnson's violations of the court's temporary restraining orders and preliminary injunction concern these horses. Plaintiffs have shown that, since August 4, 2016, Johnson sold some of her horses and her truck; granted a lien on her real property, horses, vehicles, and trailers in the process of securing a personal loan; and attempted to transfer funds from one of her bank

---

[2] The court will grant plaintiffs' motion to amend their response to defendant's motion to amend the preliminary injunction. Dkt. 79.

accounts to her First National Bank and Trust Company account. Johnson does not dispute that she did these things or that doing them violated the injunction.

Meanwhile, the United States has launched a criminal investigation of the same activities at issue in this suit. As part of the investigation, and in an attempt to preserve Johnson's assets for future forfeiture, various law enforcement agencies searched Johnson's property and inventoried her significant assets. The United States Attorney for the Northern District of Illinois then prepared a stipulation requiring Johnson to begin to sell her assets in a manner maximizing their value and to surrender the proceeds to the United States Marshal so that they are available for restitution. Dkt. 74-1. The stipulation requires, among other things, that Johnson provide to the U.S. Marshal: (1) a full accounting of her income, assets, and liabilities; and (2) a written plan regarding the sale of her many horses. The stipulation also requires that Johnson attempt to sell her horses by May 31, 2017, and that she use her personal resources as approved by the U.S. Marshal to care for the horses until they are sold. Johnson executed this stipulation on December 16, 2016, and she now asks this court to modify the terms of the preliminary injunction so that she can comply with the stipulation.

ANALYSIS

A. **Plaintiffs' contempt motion**

To obtain the civil contempt sanctions they request, plaintiffs must show by clear and convincing evidence that: (1) the temporary restraining orders and preliminary injunction set forth an unambiguous command; (2) Johnson violated that command; (3) Johnson's violations were significant; and (4) Johnson failed to take steps to reasonably and diligently comply with the court's orders. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d

3

533, 542 (7th Cir. 2008). Plaintiffs have satisfied these requirements. They adduced evidence, which Johnson does not dispute, showing that Johnson significantly violated the court-ordered asset freeze multiple times. Johnson contends that she "made a diligent effort" to comply with the asset freeze. Dkt. 73, at 1. She argues that her violations were an attempt to obtain money to cover the expenses of caring for and feeding the horses in her possession, and that "it would be inhumane to interpret the orders to mean that she could not use assets to keep animals alive." *Id.* at 2. But this does not indicate a "diligent effort." Obviously the court would not want the animals to suffer neglect, but Johnson should have told the court about the horses and the money needed to care for them when the court requested her financial statement to determine a reasonable monthly allowance for living expenses. Johnson's failure to do so and her multiple violations of the court-ordered asset freeze show that she did not make a "diligent effort" to comply with the court's orders.

As sanctions, plaintiffs ask the court to order Johnson to (1) provide plaintiffs and the court with a full accounting and inventory of her assets and liabilities; and (2) pay plaintiffs' attorney fees and costs associated with bringing the motion to compel. Johnson contends that the stipulation addresses all of the relief requested by plaintiffs in their contempt motion. But the stipulation does not require Johnson to do either of these things. Plaintiffs' requested sanctions are appropriate.

By January 12, 2017, Johnson must provide plaintiffs and the court with a full accounting and inventory of her assets, liabilities, monthly income and expenses, the locations of her assets, and all transactions relating to any of her bank accounts and other assets from August 4, 2016, through the date of this order. Johnson must also pay plaintiffs' attorney fees and costs associated with bringing their motion to compel. To recover their fees,

4

plaintiffs must adhere to the court's guidance regarding fee requests. *See* Dkt. 46, at 41. Failure to follow the court's instructions will result in rejection or significant reduction of the fee award. Plaintiffs should not assume that the court will award the full amount of their fees. The parties are encouraged to reach agreement as to the fees award, which would spare the parties and the court the effort and expense of litigating the amount.

**B. Johnson's motion to modify the preliminary injunction**

Johnson asks the court to modify the terms of the preliminary injunction to allow her to implement the terms of the stipulation she entered into with the U.S. Attorney for the Northern District of Illinois. The court "has discretion to revise a preliminary remedy if persuaded that change ha[s] benefits for the parties and the public interest." *Commodity Futures Trading Comm'n v. Battoo*, 790 F.3d 748, 750 (7th Cir. 2015). It is clear that modification of the preliminary injunction is necessary: the $2,000 monthly allowance set by the court no longer appears reasonable when the court considers the expenses that are likely associated with keeping approximately 50 horses alive and well. Barring Johnson access to the funds needed to care for these horses would not only be inhumane, it would diminish the value of one of Johnson's main assets, to plaintiffs' detriment. The stipulation, like the preliminary injunction, aims to preserve Johnson's assets for plaintiffs' benefit.

But Johnson asks the court to substitute the terms of the stipulation for the terms of the preliminary injunction, which would remove control over Johnson's assets from the court and give it to the U.S. Marshal and U.S. Attorney for the Northern District of Illinois. The court is not persuaded that this arrangement would benefit plaintiffs. So the court will grant Johnson's motion for modification, but with some additional modifications of its own. First, when Johnson provides any information or documents to the U.S. Marshal as required by the

stipulation, she must contemporaneously file a copy with the court. As for any information or documents that Johnson has already provided to the U.S. Marshal, she must file them with the court by January 9, 2017. Second, any time Johnson is required to seek the U.S. Marshal's approval as required by the stipulation, Johnson must contemporaneously file a request for approval by the court. Plaintiffs will have five days to file any objections to Johnson's request. The court will rule on the request for approval within 10 days of Johnson's filing. If the court does not rule within 10 days, the parties and the U.S. Marshal may deem the request approved.

Two final points: First, under the terms of the stipulation, Johnson must use personal resources to care for her horses and other animals as approved by the U.S. Marshal. This means that Johnson must also seek this court's approval for the use of her personal resources. Until Johnson has submitted a plan for her living and animal care expenses and obtained the court's approval, the $2,000 monthly allowance provided for in the original preliminary injunction remains in place.

Second, plaintiffs' filing, Dkt. 79, raises the concern that defendant's obligations to this court could conflict with the interests of the U.S. Marshal or the U.S. Attorney for the Northern District of Illinois. If either of these parties has a concern with this court's preliminary injunction, they should make a special appearance to voice those concerns. The court also suggests that the parties to this case consider whether it would be efficient and in the interests of justice to transfer this case to the Northern District of Illinois.

ORDER

IT IS ORDERED that:

1. Plaintiffs Mitek Corporation, Atlas Sound, L.P., and Innovative Electronic Designs, LLC's motion for leave to file reply, Dkt. 75, is GRANTED.

2. Plaintiffs' motion for leave to amend their response brief, Dkt. 79, is GRANTED.

3. Plaintiffs' motion to hold defendant in contempt, Dkt. 64, is GRANTED.

4. Defendant Teresa Johnson's motion for limited relief from and modification of the preliminary injunction, Dkt. 72, is GRANTED in part, as provided in this order.

5. Defendant's request for a hearing, Dkt. 78, is DENIED as moot.

Entered January 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge